Richardson *vs.* Payne.

---

55 167
129 834

ROBERT W. RICHARDSON, plaintiff in error, *vs.* SAMUEL T. PAYNE, guardian, *et al.*, defendants in error.

1. An award, though made the judgment of the court and founded on a rule of reference of pending suits, may be set aside, on motion, as a void judgment, if it decides matters not referred to the arbitrator. When entered on the minutes, and made the judgment of the court, it is as good as, but no better than, any other judgment; and like any other judgment, if void for want of jurisdiction in the arbitrator, it may be so adjudged by the court which made the act of the arbitrator its judgment.

2. If a portion of such award be within the terms of the reference, and another part not embraced therein, and therefore not referred, the award is good as to the part referred, and bad as to the other; and the court may set aside the judgment as to the part not referred and sustain it as to that referred, and this court will not interfere.

Arbitrament and award. Judgments. Before Judge BUCHANAN. Floyd Superior Court. January Term, 1875.

Reported in the opinion.

SMITH & BRANHAM, for plaintiff in error.

WRIGHT & FEATHERSTON, for defendants.

JACKSON, Judge.

Two equity cases, with the subjects matter embraced therein, were referred to an arbitrator. They had been previously referred, and an award had been made and excepted to, and that award and the exceptions were also referred. The arbitrator sustained the previous award and overruled the exceptions filed, and then gave judgment for Robert W. Richardson, one of the parties, the complainant in one bill and defendant in the other, for the sum of $225 39½. The award was made the judgment of the court. At the same term, the heirs of John W. Richardson, the other party in interest, moved to set aside and annul the award as to said sum of $225 39½, on the ground, (among others,) that said portion of the award was outside of the rule of reference, and upon matters not referred, as shown by the record and order of reference. The motion was demurred to on various grounds, but substantially because the matters were referred to the referee; and the question is, did the rule of reference embrace three items which make up this sum of $225 39½? These items are:

Amount paid by administrator for taxes since the war . . . . . $ 91 67
Amount allowed administrator for commissions . . . . . . . 100 00
Amount paid by administrator to Dean since award . . . . . . . 33 82½

The court below decided that these items were not embraced in the order of reference, overruled the demurrer, and set aside the award as to these three items.

1. On examining the rule of reference and the very voluminous record which is brought here for our review, we are not satisfied that the court below was wrong in deciding that these items were not embraced in the rule. If not so embraced, the judgment was right. An award, when made the

judgment of the court, has no greater sanctity than any other judgment, and may be set aside for want of jurisdiction in the referee, especially when such want of jurisdiction appears of record, and the motion is made at the same term.

2. And if the arbitrator had jurisdiction over part of the matters decided in the award, and no jurisdiction over other matters, the court which made the award its judgment has full power, we think, to vacate the portion void for want of reference, and hence of jurisdiction, and to sustain the award as to all matters referred. This is precisely what we understand the court below has done here, and we affirm the judgment he rendered.

Judgment affirmed.