## PRITCHARD *vs.* JOHNSON & CALHOUN.

A note for fertilizers was sued by the assignee thereof; it contained a stipulation attached to it that unless written notice was given the holder or his agent on the 1st of July, failure of consideration should not be pleaded; a plea alleged that the agent had notice (verbal) repeatedly during the year of the failure of the guano to show itself, and that he assured the defendant that it would yet prove valuable; that this information was given him from the last of May or during the year, and the assurances that the value and eventual worth of the guano would yet show themselves were repeated by the agent; but there was no allegation in the plea that the written notice was given on the 1st of July to anybody, yet the consideration had wholly failed, the guano being worthless.

*Held,* that the court did right to strike the plea.

Promissory notes. Notice. Contracts. Before Judge HALL. Spalding Superior Court. August Term, 1877.

Reported in the opinion.

HUNT & JOHNSON, for plaintiff in error.

BECK & BEEKS, for defendants.

JACKSON, Judge.

This case presents a single question. The court struck the plea of the defendant on demurrer, and, there being no other plea, awarded judgment for the plaintiffs. The striking the plea is the error assigned.

The suit was on a note for some sixty-seven dollars, appealed from the justice court. The consideration of the note was a fertilizer furnished by R. T. Wilson & Co., and appended to it there was a written agreement not to "plead a failure of consideration on the note as described in this mortgage, unless I give the holders or their agents written notice of such failure on the first day of July, 1876."

The plea alleged that in the latter part of May or first of June the defendant went to see the agent of the parties or met him, and then and there gave him notice that the pre-tended guano had up to that time wholly failed to be of any benefit to defendant, and that the agent could come out and see for himself so that there should be no further trouble in regard to it, that from the time aforesaid on through the entire year he gave the agent notice repeatedly that the consideration of the guano had failed, and the agent, at the time aforesaid and at all subsequent times, informed defendant that he should not be troubled about the results of the guano, that the same, though slow in effect, would finally make itself extremely productive to defendant, but that this guano had proved to be wholly worthless.

The suit was brought by Johnson & Calhoun, to whom the note and contract was duly assigned, the same being made negotiable by assignment, and the plea above set out in substance was stricken in the contest between these plaintiffs and the defendant. The plea is to be read most strictly against the pleader. So that there is no allegation of *written* notice at all, and there is no allegation of any notice, written or verbal, on the 1st of July, which the contract re-

quired from the defendant. It also appears that the agent never waived the notice in writing on the 1st of July, for the plea makes no averment of such waiver; but the allegation is that the agent assured the defendant that the guano was good, though slow, and would exhibit itself as good in due time. Even if the agent had waived the written notice required by the contract on the 1st of July, it may well be questioned whether it came within the scope of his authority; an agent to receive a written notice for his principal being quite different from an agent appointed generally to manage the business of the principal. But in this case the allegation is merely to the effect that the agent lulled the defendant into security by assuring him that the guano would yet prove to be good, which he certainly had no authority to do, even from the payees of the note—much less from the assignees for value of the note, the present plaintiffs.

The defendant having solemnly and deliberately agreed not to make the defense of failure of consideration of the note unless written notice thereof was given on the 1st of July, and having given no good reason in his plea why the notice he stipulated to give was not given on the day set for it, it follows that the defense set up in the plea was not good, and that the plea was properly stricken.

The holders of this paper had a right to the notice to them, or to their agent to be sent to them, in writing on the 1st of July, in order that they might prepare to rebut the defense which might be made that the fertilizer was valueless. It was a reasonable contract. By the 1st of July the manure would tell on the crop, and if the party meant to defend the case and dispute the value of the fertilizer he had time to test it, and having time to do so, he ought to have given notice, according to contract, if he found the manure to be worthless.

Judgment affirmed.