## Woolfolk *vs.* Beach.

1. The plea of the general issue, being made on oath, is such an issuable defense as carries the case to the jury, and the same should not be stricken with other insufficient pleas so as to enable the court to render a judgment without a jury.
2. Under a contract that "the seller does not in any way warrant the quality of said fertilizer, or its beneficial effects upon crops, but that the same is sold with all faults at the risk of the purchaser, and I do hereby covenant absolutely to pay the price or value as herein fixed without regard to results," pleas that the guano was warranted to be reasonably suited as a fertilizer and of the value recited in said note, and yet turned out to be worthless, and killed the cotton seed, and put defendant to great damage and expense in sowing again, which he pleaded by way of recoupment, were properly stricken.
3. A plea "that the note sued on was given for guano which was sold to defendant by plaintiff under the following special warranty, as set forth in the note sued on, to-wit: that said guano contained these certain chemical constituents, ascertained from a chemical analysis, made under the direction of the state commissioner of agriculture, and that the guano came up to said analysis, and defendant says that said guano did not conform to said special warranty, in that it did not contain these chemical constituents alleged, and did not come up to said chemical analysis, and of this," was properly stricken because unintelligible.
4. Where the court had stricken all the pleas, no issue was left to be tried, and the continuance was properly refused.

Practice in the Superior Court. Contracts. Promissory notes. Before Judge BARTLETT. Houston Superior Court. May Term, 1878.

Beach sued Woolfolk on a written promise in the following form :

"Georgia, Houston County,———, 1876. Know all men by these presents : That I, John W. Woolfolk, the undersigned, of said county and state, do acknowledge the receipt. at the date of these presents, from W. H. Beach merchant and dealer in fertilizers. of Savannah, Ga.. of 16 000 pounds of the fertilizer known as the W. & C. Superphosphate, manufactured by the New Jersey Chemical Company, valued at this date at $38.00 per ton, cash value.

"For which amount I hereby give my note and hold myself firmly bound unto the said W. H. Beach, as agent for the said New Jersey Chemical Company. and to his assigns, to deliver at the railroad, free of charge, as he or his agent for said county may direct, 3,200 pounds of merchantable Savannah middling cotton, new classification, well ginned and packed, on or before the 1st day of November, 1876.

"And it is hereby expressly understood, covenanted and agreed, in consideration of the time granted and the method allowed for paying for said fertilizer, that the seller does not in any way warrant the quality of said fertilizer or its beneficial effect upon crops, but that the same is sold with all faults, at the risk of the purchaser, and I do hereby covenant absolutely to pay the price or value as herein fixed, without regard to results. And I do hereby acknowledge that ten days have been allowed to me to examine and inspect said fertilizer, and I promise and agree to return the same to the said W. H. Beach within the said ten days if dissatisfied, and that upon failure to return, the sale to me shall be absolute, and I do hereby constitute as my agent the inspector appointed under the laws of Georgia. whose brand has been put upon said fertilizer, and I do ratify and agree to be bound by his inspection as made.

"But it is hereby agreed that if I prefer I shall have the option to pay to said W. H. Beach, as agent as aforesaid, on or before the 1st day of November, 1876, the above obligation in currency, at the rate of fifty-five dollars per ton of two thousand pounds of said fertilizer. And it is hereby agreed that if the cotton, as above, shall not be delivered and paid over, as above, on or before the 1st day of November, 1876, it shall then be optional with the said W. H. Beach, as agent as above. to demand the payment of this obligation in currency or cotton, as he may elect.

"But should I fail to pay the full amount due in cash, or to deliver said cotton by November 1st, 1876, then the said W. H. Beach shall have the right at any time on or after said date, either to demand said cash or the delivery of said cotton, and I hereby promise and agree to deliver said cotton as aforesaid, if so required, although the value thereof may have increased, the said W. H. Beach, at his option, to enjoy the benefit of said increased value on or after said date, and I

agree to pay interest on all amounts due on and after 1st November, 1876 at the rate of ten *per centum* per annum.

" Witness the hand and seal of said subscriber this 28th day of February, 1876.

" In presence of } .      (Signed)    JOHN W. WOOLFOLK.    [SEAL.]
    A. A KING, }                  ————————.    [SEAL.]
    T. M. KILLEN. }

" This paper to be signed before a notary public, magistrate, judge, clerk of court, or ordinary, and one other witness."

Written across face of note as follows : "Analysis guaranteed of this guano."

Defendant pleaded as follows : 1. The general issue. 2. Warranty and recoupment, as set out in the second head-note. 3. Special warranty, as set out in the third head-note.

On demurrer, the court struck all of the pleas. Defendant moved to continue, the court refused to hear him, and rendered judgment for plaintiff. Defendant moved for a new trial, which was refused, and he excepted.

C. C. DUNCAN, for plaintiff in error, cited as follows : On motion to continue, Code, §3531. General issue not demurrable, Code, §3458 ; 41 *Ga.*, 409. Plea of recoupment, 48 *Ga.*, 172 ; 55 *Ib.*, 180 ; Code, §2909.

ELI WARREN ; B. M. DAVIS ; W. S. WALLACE, for defendant, cited as follows : On continuance, Code, §3519. On general issue, Code, §2851 ; 60 *Ga.*, 383. On failure of consideration, *Jackson vs. Langston & Crane*, (present term) ; 60 *Ga.*, 288. On special warranty, 57 *Ga.*, 350.

JACKSON, Justice.

This was a motion for a new trial, the grounds of which were that the court should have continued the case, and erred in striking certain pleas of defendant.

1. The court entered judgment without a jury after the pleas were all stricken. Among them was a plea of the general issue. This should not have been stricken, but as it was an issuable defense filed on oath, it carried the case

to the jury, and put the plaintiff upon proof of his case before them. The court, therefore, erred in rendering a judgment without permitting the jury to pass upon that plea. *Causey vs. Cooper*, 41 *Ga.*, 409.

2. The second plea, under the contract, was bad and should have been stricken.

3. The third and amended plea was properly stricken, because it is wholly unintelligible.

4. The continuance was properly refused, as, under the views entertained by the presiding judge, all the pleas had been stricken, and nothing in the shape of an issue was left for trial. The judgment is reversed on the ground that the court erred in overruling the motion for a new trial, predicated upon the ground that the plea of the general issue was improperly stricken, and the judgment of the court had without a jury.

Judgment reversed.