Martin *vs.* Moore.

---

MARTIN *vs.* MOORE.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case ].

1. Where the declaration is both upon a promissory note and the written contract on which the note is founded, a copy of each being annexed, and the execution of neither is denied by the defendant, a special plea to the action should be construed in the light of both instruments.

2. The written contract signed by the defendant, being in relation to a fertilizer "known as the W. & C. Superphosphate, manufactured by the New Jersey Chemical Company," a plea that the defendant believed and was assured that he was getting a genuine article of Watson & Clark's guano fertilizer, with no averment that there was any fraud or mistake in the writing, or that Watson & Clark's guano fertilizer was the same as that known as the W. & C. Superphosphate, manufactured by the New Jersey Chemical Company, is an attempt to set up a parol stipulation inconsistent with the written contract, and for that reason was properly stricken.

3. Where a fertilizer was described in the written contract between the parties as "known as the W. & C. Superphosphate, manufactured by the New Jersey Chemical Company," and the same contract stipulated as follows: "It is hereby expressly understood, covenanted and agreed, in consideration of the time granted and the method allowed for paying for, said fertilizer, that the sellers do not in any way warrant the quality of said fertilizer or its beneficial effects upon crops, but that the same is sold with all faults at the risk of the purchaser," a plea alleging that the vendors represented and warranted that it was a genuine and true article of Watson & Clarke's guano or fertilizer," and that upon the faith of such representation and warranty the defendant was induced to purchase, is inconsistent with the terms of the writing, and therefore inadmissible.

Martin *vs.* Moore.

4. Where the purpose is to set up the illegality of a contract as a defense, the illegality should be plainly and distinctly pleaded, together with the fact or facts which render the contract illegal. To allege, as a part of a plea going to the worthless quality of a fertilizer, that the fertilizer was never in fact inspected by the inspector appointed under the laws of Georgia, with no allegation that it was not properly branded, is not sufficient to put either the plaintiff or the court on notice that the legality of the sale is to be drawn in question as a separate substantive defense.

Pleadings.   Contract.   Evidence.   Before Judge Hood. Terrell Superior Court.   May Term, 1879.

Report unnecessary.

J. G. Parks: C. B. Wooten; D. A. Vason, for plaintiff in error.

John T. Clarke & Son, by Marshall J. Clarke, for defendant.

Bleckley, Justice.

The plaintiff in error urged fraud, and insisted that the article delivered was different from the one bargained for. He cited 1 Smith's L. C., 220 ; Code, §2751 ; 52 *Ga.*, 194 ; and *Allen vs. Young*, last term.   The defendant in error cited 57 *Ga.*, 350 ; 60 *Ib.*, 288, 383.   The view which the court took of the case will appear from reading the headnotes, these indicating the reasons for judgment as well as the points adjudged.   It was not alleged that the fertilizer was not properly branded, and hence *Kleckley vs. Leyden*, this term, does not apply.

Judgment affirmed.