STANFORD *vs*. TREADWELL *et al.*

1. This court will not regard a direct exception to the verdict of a jury on the ground that it is contrary to law and evidence, where no motion for new trial has been made in the court below. When, therefore, exceptions *pendente lite* have been filed, and at the termina-

tion of the case it is desired to have the rulings so excepted reviewed, the better practice is to have a valid exception to the final judgment, on which to graft an assignment of error on the interlocutory decision.

(*a.*) Whether an exception to the verdict as contrary to the law and evidence, will suffice as a basis to bring the case before this court for a review of the interlocutory decision, is not decided.

2. Pending an action for damages resulting from the overflow of land caused by a mill dam, the parties submitted the question to arbitration. By the terms of the submission, the arbitrators were to determine the amount of damage to the land, "past, present and prospective," and also the height of the dam, which was never to be raised. The arbitrators returned an award, by which they found five hundred dollars damages, and also stated that they proceeded to measure the mill dam, and found "it to be four feet four inches from the bottom of the river to the top of the dam on the east side of the river":

*Held*, that such award was too uncertain, and was properly set aside by the court.

December 12, 1882.

JACKSON, Chief Justice.

[Stanford brought case against Treadwell *et al.* on account of the overflow of his land resulting from a dam erected by them. Pending the case, the matter was, by agreement, referred to arbitration. The facts concerning the reference and return are stated in the second head-note. Exceptions were filed to the award by defendants, and it was set aside by the court for want of certainty in regard to the measurement of the dam, the award not showing where or how the measurement was made. Plaintiff filed exceptions *pendente lite* to this ruling. On the trial, the jury found for the plaintiff twenty dollars, and being dissatisfied, he filed his bill of exceptions, and assigned two errors:

(1.) That the verdict was two small.

(2.) That the court erred in setting aside the award, as set out in the exceptions *pendente lite*.

When the case was called in the Supreme Court, counsel

for defendants in error moved to dismiss it, because an exception directly to the verdict of a jury was not valid, and, therefore, there being no legal exception to a final judgment, the assignment of error on the ruling *pendente lite* was without legal foundation on which to rest. On this motion, the court ruled as stated above, but preferred to affirm the judgment, instead of dismissing the case.]