## RENFROE *vs.* WYNNE.

1. After a verdict had been rendered in a case in favor of the plaintiff, and after the defendant had made a motion for a new trial, but during the term of court at which the trial was had, the plaintiff presented and had certified by the presiding judge what purported to be exceptions taken *pendente lite* to certain rulings made and certain charges given and refused during the trial. A new trial was granted, and plaintiff excepted. In the Supreme Court, counsel for plaintiff in error moved to assign error on the rulings set out in the exceptions so tendered and certified:

*Held*, that such exceptions were not *pendente lite* within the meaning of the law, and the motion to assign error must be refused. The intention of the legislature was to make exceptions *pendente lite* interlocutory, while the bill of exceptions, on which a writ of error was to be prosecuted and returned to this court, would lie only to

matters occurring on the final trial, or to such as would have resulted in a final disposition of the case. To avail herself of the errors set forth in the exceptions filed pending the motion for new trial, plaintiff in error should have done so by specifying them in the bill of exceptions taken to the grant of the new trial. Code, §§4354, 4250.

(*a*.) This does not conflict with the cases in 68 *Ga.*, 578; 69 *Id.*, 726, 678, 525; 64 *Id.*, 684, 685, 686, if the context in those cases be considered.

2. There was no abuse of discretion in granting a new trial in this case.

Judgment affirmed.

October 21, 1884.

HALL, Justice.