## ROBINSON *vs.* WILKINS.

A judgment of a court of competent jurisdiction is conclusive between parties and privies, as to the facts which it decides, until reversed or set aside.

(*a.*) The issue made by a plea of former recovery should be submitted to the jury, under proper instructions from the court as to the effect of the adjudication pleaded in bar; but where the record so pleaded showed that the matter in controversy had been fully determined in the former suit, and the adverse party controverted none of the facts involved in the issue, the fact that the court dismissed the case on motion, instead of submitting it to the jury with instructions to find for the defendant, will not require a reversal.

(*b.*) The Supreme Court is authorized to make final disposition of a

case and to give it such direction as is consistent with the law and justice applicable to it, and as will prevent the unnecessary protraction of litigation.

December 2, 1884.

Judgments. *Res Adjudicata.* Practice in Superior Court. Practice in Supreme Court. Before Judge RONEY. Burke Superior Court. May Term, 1884.

Reported in the decision.

F. W. CAPERS, JR.; M. CUMMING, for plaintiff in error.

H. E. W. PALMER; P. P. JOHNSTON, for defendant.

HALL, Justice.

The plaintiff had a homestead laid off and assigned to him and his wife, in lands which had been specially charged with permanent alimony in favor of a former wife, who had obtained a judgment against him, not only for a total divorce, but likewise for such alimony. When the execution issuing upon this judgment for alimony was levied upon the land in controversy, the plaintiff filed a bill, and prayed that the levy be enjoined, because, as he set forth therein, the homestead right was superior and was to be preferred to the claim for alimony adjudged to the libellant in the divorce suit. The judge heard this application, and refused the injunction prayed, after a hearing upon a rule to show cause, and decreed that, as against this right of alimony, no title could pass from the complainant in the bill to the land in question, either by homestead, exemption or otherwise. No appeal was taken from this decree, which has never been modified, reversed or set aside, and is still of full force and affect. After it was rendered, the land was sold under the levy, and the defendant in this suit became the purchaser at the sheriff's sale, and took a conveyance to it in pursuance thereof, and also went into

possession.    He pleaded the decree in question and the judgment awarding the alimony, in bar of the plaintiff's suit.    When the case was called for trial at the May term, 1884, of Burke superior court, and before a jury was empanelled and stricken, the plaintiff moved to strike this plea.    The motion was refused; he excepted, and filed. what is termed a bill of exceptions *pendente lite* to this decision.    The cause then proceeded, and the defendant's ; counsel having read to the court the record of the proceeding pleaded in bar, moved to dismiss the plaintiff's action, on the ground that there had been a former adjudication of the matter in controversy.    This motion was sustained, and the plaintiff excepted.

It is evident that the question made by this suit had been formerly determined by a court having jurisdiction, . not only of the cause, but of the parties from whom the defendant derived his title.    The plaintiff and those in privity with him had invoked this decree; and having submitted to it, he and they are bound by it.    The defendant in this suit succeeded to all the rights of the plaintiff in the execution under which he purchased ; and it had been solemnly adjudicated that her rights were superior to those · set up by the plaintiff.    This adjudication is conclusive. The Code, §3577, in express terms declares that the judgment of a court of competent jurisdiction is conclusive · between parties and privies as to the facts which it decides, until reversed or set aside.    *Id.*, §3826.    Again, it is announced that an adjudication of the same subject-matter · in an issue in a former suit between the same parties, by · a court of competent jurisdiction, should be an end of litigation.    *Id.*, §2897, and citations under each section. . Since the cases cited under these sections, the question has been repeatedly before us, and we have never deviated from the wise and conservative policy they enjoin.    70 · *Ga.*, 349, 475, 552.    The motion to strike this plea was properly overruled.    According to our practice, however, the issue made by the plea should have been submitted to the ·

jury, to be passed upon by them under the evidence adduced, and the court should not have ordered the case dismissed, even when it was apparent that the plea was fully sustained by the production of the record upon which it was founded, but the jury should have been directed to find for the defendant upon that plea. But this erroneous practice does not necessitate another hearing of the case, because it was not hurtful to the plaintiff; he is in no worse condition than he would have been, had a verdict been found against him. On the trial, he controverted none of the facts involved in the issue; he did not require them to be submitted to the jury, and seemed to acquiesce by his silence (or rather by his failure to object) in the determination of the questions by the judge; he certainly dissented from the conclusion reached, doubtless under the belief that the law was not properly applied to the undisputed facts. Substantial justice has been done, at least so far as concerns the plaintiff, and if the defendant has not had the full measure of protection to which he is entitled under the law, it results from his own action, by which he seems willing to abide, and of which he could not complain, even if he would.

We have authority to make a final disposition of this cause (Code, §218), and to that end to give to it such direction as is consistent with the law and justice applicable to it. *Id.*, §4284. This, we think, has already been done, and we are unwilling to protract litigation in any case where it can be avoided with due regard to the rights of parties. 70 *Ga.*, 838, 839.

Judgment affirmed.