THE DEBARRY–BAYA MERCHANTS' LINE *vs.* AUSTIN.

1. The overruling of a demurrer and refusal to dismiss a case furnishes no ground for a motion for a new trial. It is a matter for direct exception, not for a new trial before a jury.

2. Where a demurrer was overruled at one term of court, and a bill of exceptions *pendente lite* was filed, and at the next term the case was tried and a verdict rendered for the plaintiff and a new trial was moved for and denied, and thereupon exception was taken from this judgment solely on the ground that the overruling of the demurrer was error, there was no valid assignment of error upon which this court can act. There must be some legal assignment

of error on what transpired at the trial term, in order to bring up and assign error upon exceptions *pendente lite* filed at a previous term.

March 30, 1886.

Practice in Supreme Court. Practice in Superior Court·
New Trial. Before Judge HARDEN. City Court of Savannah. November Term, 1885.

Reported in the decision.

J. J. ABRAMS, for plaintiff in error.

RICHARDS & HEYWARD, for defendant.

JACKSON, Chief Justice.

At the first term of the court, on return of the writ, the defendant demurred, and on the demurrer being overruled at that term, he then filed an interlocutory bill of exceptions *pendente lite.* At the next term, the case was tried and verdict returned for the plaintiff. Thereupon, defendant brought his writ of error here, assigning as error the judgment at the first term overruling his demurrer then, and alleging that he then filed the interlocutory bill of exceptions. It is also alleged that he made a motion for a new trial, on the sole ground that the court overruled the demurrer at the last term, and that he then filed the *pendente lite* bill of exceptions, and assigns error on the denial of the motion for a new trial on that ground. No other assignment of error is made in respect to anything that transpired at the trial term, either as a ground in the motion for a new trial or otherwise.

1. It is no ground for a motion for a new trial that a demurrer was overruled and the case not dismissed. It is folly to move for a new trial before a jury on a ground that the court passes on before any jury was had and that the jury has nothing to do with; and it is equally inexplicable that a motion which, if successful, would take the case

away forever from the jury, out of court, could be a ground to try again before a jury. There was no error, therefore, to overrule the motion.

2. There being, therefore, no assignment of error on the motion for new trial but this one ground, which occurred six months before, and was then excepted to *pendente lite*, and which is not ground for new trial by jury, this court has no jurisdiction to try the case, because the point and only point of error assigned is here six months after the time allowed by law; and no error is assigned upon anything which occurred at the trial term, except as part of a motion of which it could not be a part. Therefore the writ of error is dismissed and the judgment affirmed.

There must be some legal assignment of error on what transpired on the trial term in order to bring here and assign error upon *pendente lite* exceptions at a previous term.

Writ of error dismissed.