HARDEE, SONS & COMPANY *vs.* GRINER *et al.*

1. A plaintiff below who has excepted to the denial of his motion for a new trial based on proper grounds, may at the hearing in the Supreme Court assign error on exceptions taken *pendente lite* to the overruling of his demurrer to the defendant's plea, though no mention is made of this interlocutory matter in his final bill of exceptions.

2. The note sued on is not, *prima facie*, affected by a written promise not to plead failure of consideration, when the note matures in November, no year being specified, and the promise describes a note of the same date and amount maturing in October of a given year, the promise not being mentioned in the declaration or summons, though a copy of it followed a copy of the note annexed to the summons, and it not appearing that the originals of both instruments were on the same piece of paper, and the promise not reciting any consideration for the making thereof.

3. Verdict warranted by the evidence.

March 26, 1888.

Practice in Supreme Court. Promissory notes. Contracts. Evidence. Verdict. New trial. Before Judge ATKINSON. Pierce county. At chambers, February 1, 1887.

Reported in the decision.

S. W. HITCH, W. G. BRANTLEY and J. C. NICHOLLS, by HARRISON & PEEPLES, for plaintiffs.

S. R. HARRIS and F. H. HARRIS, for defendant.

BLECKLEY, Chief Justice.

The suit was on a promissory note, and brought origi

nally in a justice's court.  The summons alleged indebtedness upon the note, making no mention of any collateral promise connected therewith; but following a copy of the note annexed to the summons, was the copy of a promise in writing signed by the same parties who made the note. That promise recited the giving of a note corresponding in amount with this one, but describing it as payable on the 1st day of October, 1884; whereas, the note sued on and set out by copy was not payable then, but was payable the 1st of November, without specifying what November. The promise recited that the note which it described was given for fertilizers, and it stipulated that the makers of the note would not set up by way of defence any failure of consideration.  It did not set forth any consideration for that undertaking, but the makers bound themselves, or tried to do so, not to set up any plea of failure of consideration in resistance to the note.

1. The case went to the superior court by appeal; and there a plea which the defendants filed, setting up failure of consideration, was demurred to by the plaintiffs, (1) upon the ground of want of sufficient certainty, etc.; (2) that it varies the written contract sued on and sets the same aside; and (3) the want of sufficient certainty.  The first want of sufficient certainty went to the allegation of fraud, and the second want of sufficient certainty went to the allegations of the plea generally.  The demurrer was overruled, and the plaintiffs entered their exceptions *pendente lite*, duly certified.  The parties went to trial upon the plea, and there was a verdict for the defendants. There was much evidence introduced, but if the plea was not ruled out by any express contract, the finding of the jury is maintainable and the verdict ought to stand.  The plaintiffs made a motion for a new trial on the grounds simply that the verdict was contrary to law, to the charge of the court, to the evidence, to the weight of evidence and to the principles of equity and justice.  The motion was denied, and thereupon the plaintiffs brought by writ

of error the judgment denying their motion for a new trial to this court. In their final bill of exceptions, they assigned error only on the refusal to grant a new trial, and did not assign any error upon the ruling made *pendente lite* touching the plea; but when the case was called fo hearing here, they did assign error upon the exceptions taken *pendente lite*. It was objected that they could not do so, but we think they could, under the express provisions of the code, §4250, as construed by decisions of this court. A case directly in point is *The S. C. Railroad Co. vs. Nix*, 68 *Ga.* 572; and in *Standford vs. Treadwell*, 69 *Ga.* 725, is nothing to the contrary. The same may be said of *Renfroe vs. Wynne*, 74 *Ga.* 406, and of *DeBarry-Baya Merchants' Line vs. Austin*, 76 *Ga.* 306.

2. So the exceptions taken *pendente lite* are before us and the question is, whether it appears here that the court erred in overruling the demurrer to the plea. We think it does not so appear. The cases cited, (*Pritchard vs. Johnson & Calhoun*, 60 *Ga.* 288; *Woolfolk vs. Beach*, 61 *Ga.* 67; *Allen vs. Young*, 62 *Ga.* 619,) are all in point, upon the right of the plaintiff to exclude this defence by express contract, if the contract was in the note, or if it was declared upon and was a part of the cause of action set out. Here the only thing declared upon, so to speak, (because it is the only thing mentioned in the summons) is the note, which in and of itself is complete and perfect; and if, upon demurrer to the plea, we could regard this instrument as a part of the note, it would only be either because it corresponds with the note in the description contained in it, or because the originals of both instruments were upon the same piece of paper; neither of which facts appear here. It does not appear by the summons, the plea, or elsewhere in the record, that this promise, as to pleading a failure of consideration, was written upon the same paper with this note. If both instruments were on the same paper, then it would perhaps sufficiently appear that the variance was a mere misdescription; but we

v 80-36

cannot presume any misdescription so as to overrule the judgment of the court below, unless we were certain that the promise refers to the very note that is sued on, the description differing from the note in two respects : (1) by mentioning a different month; and (2) by fixing the year when maturity took place, the note itself leaving the year blank, and therefore being ambiguous. We cannot hold that it certainly appears to us that this note now in controversy is the one described or meant to be referred to in the promise. Of course, there might have been various notes of even date and amount maturing at different times, and there might have been several promises written on different pieces of paper, and there might have been a promise like this touching this note ; but if so, it does not appear with that degree of certainty which would enable us to overrule the judgment of the court on this demurrer.

In a case not cited by counsel, (to-wit, *Martin vs. Moore*, 63 *Ga.* 531,) the contract, as well as the note, was declared upon, and attention was drawn to that fact in ruling upon the case here. In one of the cases cited, (to-wit, *Pritchard vs. Johnson & Calhoun*, 60 *Ga.* 288,) the action was commenced by summons in the county court, as we find by looking at the original record now of file in the clerk's office of this court. The summons made no reference to the contract, but the plea of the defendant set up a provision contained in the contract. He did not attack the contract, but set up and claimed the benefit of a provision contained in it. Here the defendants do no such thing. They ignore the promise. They do not mention it except perhaps incidentally, in alleging that the note and contract sued on are contrary to public policy; they did not by the plea take, or attempt to take, any benefit from any provision contained in either instrument, and therefore do not bring the promise before the court in a way to adopt it as theirs for this litigation, as did the defendant in the case in the 60th *Ga.*

So we affirm the judgment, first, in refusing to sustain the demurrer and in upholding the plea; and secondly, in refusing to grant a new trial.

The head-notes are a part of this opinion.

Judgment affirmed.