### GOLDIN, administrator, *v.* BEALL.

1. An award so indefinite and uncertain as to be incapable of enforcement is void.

2. As the charge of the court in the present case gave the defendant the benefit of such an award and practically controlled the verdict in his favor, and as there was evidence which, but for such charge, would have supported a finding for the plaintiff, it was error to refuse a new trial.

Submitted March 27, — Decided April 22, 1899.

Complaint for land. Before Judge Janes. Haralson superior court. March 25, 1898.

*Price Edwards*, for plaintiff.

*E. S. & G. D. Griffith*, for defendant.

LUMPKIN, P. J. An action for the recovery of land was brought by R. F. Goldin as administrator of the estate of R. W. Goldin, deceased, against Thomas Beall. It was at the trial a conceded fact that the title to the land in controversy had at one time been in the plaintiff's intestate. Among other defenses set up by Beall was an award rendered by arbitrators upon a submission to them by the plaintiff, the defendant, and one Holcombe, of certain matters of dispute involving the owner-ship of the land in question. This award was in the following language: "The undersigned, to whom was referred the matter and differences in dispute between R. F. Goldin and T. J. Beall and R. K. Holcombe respecting the sale of certain tract or lot of land No. 240, of said county, sold by J. A. and C. J. Goldin to T. J. Beall and R. K. Holcombe, having met at Holcombe's mill in said county, on the 19th day of June, 1895, after giving legal notice to both parties, proceeded to hear the case in dis-pute. We find and award that the said tract of land lying in said county R. K. Holcombe and T. J. Beall turn over said land to R. F. Goldin, adm'r of the state of R. W. Goldin, by said estate paying back there purchase-money with interest from date." Manifestly, this award is too indefinite and uncertain to be capable of enforcement. It apparently finds that the title to the property is in the estate of R. W. Goldin deceased, and probably means that, upon paying back to Beall and Holcombe some amount of purchase-money with interest, the adminis-trator would be entitled to possession; but the amount of money to be returned, and the date from which the interest thereon is to be computed, are left wholly indefinite. The word "date" as here used is at least ambiguous. Did it mean the date of the award, or the date when the purchase-money, whatever it was, had been paid? So far as appears, the arbitrators did not themselves undertake to reach any conclusion or to make any precise adjustment as to these matters. Section 4479 of the Civil Code declares imperatively that an award "must be certain." An award totally wanting in this essential particu-lar is, in effect, no award at all, for there can be no enforce-ment of it.

With respect to the award now under consideration, the trial

judge charged as follows: "The jury may consider the award made by the arbitrators which has been introduced before you; and if you believe that no other trade has been made by which this award has been set aside, then you will find for the defendant." In view of what has been said above, it will be seen that this charge was clearly erroneous, in that the award in question was treated as being capable of a legal enforcement. Indeed, the court went even further and gave to it the effect of constituting a complete defense to the plaintiff's action unless the jury should find that the award had, by some other transaction between the parties made after its rendition, been abrogated. The jury having found in the defendant's favor, and it being impossible to know that their verdict was not predicated upon this charge, and there being evidence which would have warranted a finding for the plaintiff, the case should undergo another investigation.

*Judgment reversed. All the Justices concurring.*