## BECKHAM *v.* BECKHAM.

·G. D. B. and Z. T. B. acquired by purchase the interest of their coheirs in the estate of M. B., upon which G. D. B. was administrator. They differed as to the disposition of the estate of M. B. among themselves, and submitted to arbitrators their controversy "as to the amounts due from and to each other .from the estate of said deceased." The arbitrators made the following award: ".1st. That of the funds remaining in the hands of G. D. Beckham, administrator of the estate of Millie Beckham deceased, after paying expenses of administration, taxes, attorney's fees, court costs, and commissions,. 68½% be paid to G. D. Beckham and 31½% be paid to Z. T. Beckham. 2nd. That the lands belonging to the estate of said deceased be divided in the same proportion, to wit: to G. D. Beckham 68½% of the value of said lands; and to Z. T. Beckham 31½% of the value of said lands." *Held,* that the award is apparently beyond the terms of the submission, and is too uncertain and indefinite to be valid.

Argued June 24, 1907.—Decided February 1, 1908.

Exceptions to auditor's report. Before Judge Reagan. Pike superior court. October 8, 1906.

*J. F. Redding* and *W. W. Lambdin,* for plaintiff in error.

*Robert T. Daniel* and *Lloyd Cleveland,* contra.

EVANS, P. J. In 1893 Millie Beckham departed this life in·testate, leaving an estate, and seven children as her sole heirs at

·law. In 1894 G. D. Beckham, one of the children, qualified as administrator. He and his brother, Z. T. Beckham, purchased the interest of the other heirs at law, and thus became owners of the entire estate of their mother. They undertook to settle with each other and divide the estate among themselves, but disagreed in their calculations, and referred their controversy to arbitrators. The submission was as follows: "Georgia, Pike County. This agreement made this the 4th day of December, 1902, between Z. T. Beckham of said State and county of the one part, and G. D. Beckham, admr. of the estate of Mrs. Millie Beckham, deceased, also of said State and county, witnesseth, that certain differences have arisen between the aforesaid parties as to the amounts due from and to each other from the estate of said deceased. Now, in order to adjust said differences, the parties do hereby. submit the same to three arbitrators, to wit, W. J. Franklin, J. M. Slade, and J. B. Mathews, chosen by the parties. This submission when signed shall be delivered to one of the arbitrators chosen by the parties, and shall then be irrevocable. The award made hereunder shall be entered on the minutes of the superior court of Pike county according to law, and shall have all the force and effect of a judgment or decree of said court. Witness our hands and seals, this 4th day of Dec., 1904. [Signed] Z. T. Beckham [L. S.] G. D. Beckham [L. S.]" The arbitrators under this submission returned the following award: "Georgia, Pike county. We, the undersigned arbitrators to whom were submitted the differences between Z. T. Beckham and G. D. Beckham, arising out of the amounts due to and from each other in the estate of Millie Beckham deceased, herewith return our award. Upon delivery of the articles of submission to the arbitrators they met and appointed a time and place of hearing, of which due and legal notice was given to the parties. On the 4th day of Dec., 1902, pursuant to said notice, the hearing was had. After hearing the evidence and considering the matters submitted to us, we find. 1st. That of the funds remaining in the hands of G. D. Beckham, administrator of the estate of Millie Beckham deceased, after paying expenses of administration, taxes, attorney's fees, court costs, and commissions, 68 1/2% be paid to G. D. Beckham and 31 1/2% be paid to Z. T. Beckham. 2nd. That the lands belonging to the estate of said deceased be divided in the same proportion, to

wit: to G. D. Beckham 68 1/2% of the value of said lands, and
to Z. T. Beckham 31 1/2% of the value of said lands. We further
find that the sum of $4.00 to each of the arbitrators be paid, each
party paying $6.00 apiece. This Dec. 5th, 1904. .[Signed] W. J.
Franklin, J. M. Slade, J. B. Mathews." G. D. Beckham moved
to have this award made the judgment of the court, as a statutory
award. Z. T. Beckham filed various objections to this being
done, among others setting up that the submission and award were
not in the terms of the statute, and therefore could not be made
the judgment of the court. The court sustained this objection,
but refused to pass upon the various matters alleged as a further
reason why the award was invalid. Subsequently Z. T. Beckham
filed an equitable petition for partition of the lands of the estate
of Millie Beckham, alleging that G. D. Beckham had been in pos-
session thereof since the death of his mother, and praying an ac-
counting for rents, issues, and profits, and the personalty which
came into his hands either individually or as administrator. He
prayed that the award be set aside, as being beyond the terms of
the submission, and because it was the result of fraud, accident,
and mistake. The various matters on which he relied to estab-
lish the fraud, accident, and mistake were alleged. He prayed for
an equal division of the land, and for judgment for such sums as
G. D. Beckham either individually or as administrator was due
him. G. D. Beckham filed his answer, in which he alleged the
award to be valid and binding, and that it was not void for any
reason assigned in the petition; and prayed that the land, issues,
and profits be divided in the proportions found by the arbitrators
in the award. The court submitted the issues to an auditor, who
sustained the award of the arbitrators and reported that the es-
tate be divided in the proportions directed by the award. Z. T.
Beckham filed exceptions, both of law and fact, to the auditor's
report. Among the exceptions of law was that the award did
not follow the submission, and covered matters not contained
therein, and was too uncertain and indefinite to make it a valid
and binding common-law award. The court sustained this excep-
tion, and also certain other exceptions of fact, and decreed that
the land be equally divided, and that the rents, issues, and profits
found by the auditor to be in the hands of G. D. Beckham be
equally divided, and appointed partitioners to make a division of

the land accordingly.   G. D. Beckham sued out a bill of exceptions, complaining of this judgment, and of the failure to overrule each of the exceptions.

1.   It is essential to the validity of a common-law award that it be within the terms of the submission, and that it be certain and final upon the various matters in controversy covered by the submission.   Civil Code, §§4477, 4479.   The arbitrators under the submission in the present case were authorized to find only the various amounts "due from and to each other from the estate of said deceased."   The award is absolutely silent upon the only question submitted.   The arbitrators did not report the amount which either was due the other from the estate of their mother.   On the other hand they undertook to divide the money and realty between the common owners, in a certain proportion.   The first provision of the award relates to the division of a fund in the hands of G. D. Beckham as administrator of his mother's estate, after paying expenses of administration, taxes, attorney's fees, and court costs, between the parties to the submission.   How much is the gross fund?   What amount of expenses, etc., are to be deducted?   The award is silent as to both.   No action could be predicated on the award for any definite sum.   It is utterly lacking in definiteness and certainty.   The balance of the award refers to a partition of the land.   The submission did not contemplate a partition of the lands between the parties.   If the arbitrators had before them evidence showing that one of the common owners owed the estate a larger sum than the other, they had no right by virtue of the authority under which they were acting to require that this excess should be paid in land.   On the assumption that Z. T. Beckham owed the estate of his mother a larger sum than G. D. Beckham, he was entitled to pay the difference in money and have an equal division of the land.   We think that the court properly held that the award was too uncertain and indefinite with reference to one of the items, and that the ultimate finding was not included in the submission.   *Richardson* v. *Payne,* 55 *Ga.* 167; *Goldin* v. *Beall,* 107 *Ga.* 354; *Stanford* v. *Treadwell,* 69 *Ga.* 725; Morse on Arb. & Aw. 409.

Let us now look to the evidence which was submitted before the auditor as to the relative rights of these parties.   It appears that the children of Millie Beckham (except Z. T. Beckham) in 1898

cited G. D. Beckham, as administrator, before the ordinary for
a settlement. He filed an answer in which he set up the decedent's
indebtedness as guardian to himself and Z. T. Beckham, and
alleged, that the lands he was in possession of as administrator had
been bought by his mother with money which belonged to himself
and his brother, she taking title in her own name, and in any
event she died indebted to himself and Z. T. Beckham; that their
debts were of a fiduciary character; and that they were entitled to
payment before any part of the estate should be paid to any of the
other children. There was a decree in favor of the administrator,
which was reversed on writ of error. 113 Ga. 381. Z. T. and
G. D. Beckham then jointly purchased the interest of their coheirs,
and thus became entitled to share equally in the entire estate of
Millie Beckham. G. D. Beckham since the purchase had received
the rents, issues, and profits of the lands out of which the money
paid for the purchase of the interests of the others had been ob-
tained, and after discharging this debt, and the payment of at-
torney's fees, taxes, and other proper costs, there remained, ac-
cording to the finding of the auditor, $465.26. G. D. Beckham did
not except to the finding of the auditor as to the amount of money
he had in hand. Under this evidence a finding that Z. T. Beck-
ham and G. D. Beckham were joint owners of the land and of the
fund in the hands of G. D. Beckham, each owning an equal share,
was demanded. There was not error in so decreeing. Inasmuch as
the award was absolutely void, it is unnecessary to consider whether
the other exceptions to the auditor's report were good, either in
form or substance.

*Judgment affirmed. All the Justices concur, except Holden, J.,
who did not preside.*