6465.   COHN & SON *v.* FARKAS.

RUSSELL, C. J.   1.   The petition might have been amended so as to set forth a cause of action for such damages, consequent upon a breach of the contract as to the glass front, as may have arisen after the adjudication which was pleaded in bar.

2.   The plea of res judicata was not filed too late, but the issue raised by it is for determination by a jury.   The court therefore erred in sustaining the plea of res judicata and in thereupon dismissing the petition, instead of submitting to the jury evidence upon the issue raised by this plea.        *Judgment reversed.*

DECIDED FEBRUARY 3, 1916.

Action on contract; from city court of Albany—Judge Clayton Jones.   March 10, 1915.

Sam Farkas leased to S. Cohn & Son a storehouse for a term beginning July 1, 1913, and ending July 1, 1916, at a rental of $60 per month.   In the lease it was stipulated that the lessor should do all necessary repairing for the protection of the property during the term of the lease, and that he should put in a new glass front to the building, without cost to the lessees.   On March 10, 1914, Farkas swore out, before a justice of the peace,

a distress warrant for one month's rent; to which Cohn & Son
interposed an affidavit of illegality, setting up that Farkas had
failed to make necessary repairs as stipulated in the lease, and
that in February, 1914, water from rain leaked through the roof
of the building and damaged the stock of merchandise of the de-
fendants, thus damaging them in the sum of $160; and they prayed
that they be allowed to recoup damages as against the rent dis-
trained for, in the sum of $60; and to recoup the further sum of
$100 in payment of the damages.  The trial in the justice's court
resulted in a judgment in favor of the defendants for $50 "ex-
clusive of rent."  Certiorari was sued out by Farkas, and on the
hearing was dismissed. · Cohn & Son filed a suit against Farkas
in the city court of Albany on January 16, 1914, between the time
of the trial in the justice's court and the suing out of the certi-
orari.  The petition, as amended, alleges that the defendant has
failed and refused to put a new glass front in the storehouse as
stipulated in the lease (a copy of which is attached to the peti-
tion), and has thereby damaged the plaintiffs in the sum of
$1,000, this being the difference in the rental value of the storehouse
without the glass front and with the glass front if the defendant
had complied with his contract; and the plaintiffs pray for judg-
ment against the defendant for a breach of the contract.  Farkas
filed a plea on June 23, 1914, setting up the pendency of the dis-
tress-warrant proceeding, and alleging that the set-off or recoup-
ment pleaded in that case was for the same cause of action as that
alleged in this action.  A copy of the proceedings in that case was
attached to the plea.  The allegations of the petition were denied
in the defendant's answer.  At the trial term the court allowed the
defendant to file a plea setting out the proceedings in the distress-  ·
warrant case and the dismissal of the certiorari, and alleging that
the cause of action in that case was the same as that alleged in
the petition in this case, and that the judgment therein was a full
and final adjudication of the claim and cause of action sued on in
this petition.  By amendment it was alleged that the certiorari
was heard and dismissed "during the interval of the suit of Sam
Farkas vs. S. Cohn & Son, and the suit of S. Cohn & Son vs. Sam
Farkas," and that the certiorari was not dismissed until after re-
turn day in the case of S. Cohn & Son vs. Farkas, and for that
reason the last-mentioned plea was not filed at the return day.

The plaintiffs objected to the allowance of the amendatory pleas, and moved to strike them, on the grounds: (1) that they were in effect a plea of res judicata, and should have been filed at the first term; (2) that the pleas did not show that the judgment was rendered in a court of competent jurisdiction; and (3) that the pleas showed that the judgment was invalid, because the amount of the judgment, with the rent claimed, amounted to $110, and was beyond the jurisdiction of the justice's court. After overruling the objections, the court rendered a judgment as follows: "Upon considering the plea of res adjudicata, it was held by the court that said plea was good, and that the within suit is barred by former recovery, and it is further ordered that the same is barred." The court afterwards entered the following judgment: "The within plea of res adjudicata is hereby sustained and the petition of the plaintiff is dismissed." The defendants excepted to the overruling of their objections to the pleas, and to the judgments subsequently entered; alleging that the court erred in entering these judgments, because no evidence was offered to support the pleas, and because the pleas show that no valid judgment was rendered between the same parties, upon the same subject-matter, in a court of competent jurisdiction.

*Peacock & Gardner,* for plaintiffs, cited:- 76 *Ga.* 769; 87 *Ga.* 205; 74 *Ga.* 47; 104 *Ga.* 619; 90 *Ga.* 756; 105 *Ga.* 295 (3); 61 *Ga.* 67; 84 *Ga.* 69 (4); 138 *Ga.* 101; 68 *Ga.* 40; 5 *Ga. App.* 129 (1); 5 *Ga. App.* 262; 10 *Ga. App.* 161.

*Leonard Farkas,* for defendant, cited: 70 *Ga.* 579; 51 *Ga.* 232; 59 *Ga.* 157; 74 *Ga.* 47; 55 *Ga.* 228; Civil Code (1910), § 4389; 106 *Ga.* 427; 84 *Ga.* 5; 54 *Ga.* 327; 79 *Ga.* 319; 103 *Ga.* 327.