15210.   STANDARD GROWERS EXCHANGE *v.* HARRIS & SON.

JENKINS, P. J.  1.  "No supplemental brief shall be filed in any case without special leave of the court."  Rule 15, Rules Court of Appeals (1 *Ga. App.* XIII).  Where in its original brief, filed before argument, the plaintiff in error expressly abandons and withdraws "from the consideration of the court" certain specified grounds of the motion for new trial, and the cause has been argued by counsel on both sides both orally and in the original and reply briefs upon the basis of such abandonment, and where after five weeks since the oral argument the plaintiff in error, without special leave of the court, files in the clerk's office what is designated as ·a "supplemental brief," in which it is requested that the previously abandoned grounds be reinstated and considered, for the sole reason assigned that at the time of the abandonment certain decisions had been overlooked, and where the defendant in error objects to the consideration of such abandoned grounds and such brief, such grounds and the brief so filed can not be considered.  See *Napier* v. *Burkett,* 113 *Ga.* 607 (1, 2), 609 (38 S. E. 941); *Hall* v. *Gilmer,* 123 *Ga.* 173 (1) (51 S·. E. 307); *Sumner* v. *Sumner,* 121 *Ga.* 1 (1) (48 S. E. 727); *Hardee* v. *Griner,* 80 *Ga.* 559 (1), 561 (7 S. E. 102).  Moreover, the cause having been argued both orally and by ·briefs on the basis of the abandonment, a consideration at this time of the abandoned grounds would render proper a reopening of the case for new oral or written argument upon motion for good cause assigned, and there is no such motion.

2.  Under the answers of the Supreme Court to questions determining the law of this case, certified to it by this court, the verdict for the plaintiffs was authorized under their evidence; nor was there error in the instructions of the trial judge to which exceptions are taken.  *Standard Growers Exchange* v. *Harris & Son,* 159 *Ga.* 173 (124 S·. E. 884).

3.  While the testimony for the plaintiffs that the tendered peaches "complied with this contract" was inadmissible, .as a conclusion of the witness, its admission, under the contentions of the parties and other evidence of the witness, can not be taken as likely to have prejudiced the defendant's rights before the jury.  The plaintiff sellers neither contended nor testified that the peaches were absolutely perfect and entirely free from worms, but contended that the percentage affected with worms was not so excessive as to affect the merchantableness of the fruit at the markets specified in the contract.  Since the witness made

clear to the jury by other positive testimony, reciting facts, what was meant by his conclusion that the. peaches "complied with the contract," they were not misled by the conclusion, which, had it stood alone, might be deemed harmful error. See *Shedden* v. *Stiles*, 121 *Ga.* 637, 639 (3) (49 S. E. 719); *Cen. Ry. Co.* v. *Butler Marble Co.*, 8 *Ga. App.* 1 (8 *a*) (68 S. E. 775); *Small* v. *Wilson*, 20 *Ga. App.* 674 (5). 681 (93 S. E. 518); *Gales* v. *State*, 14 *Ga. App.* 450 (2) (81 S. E. 364).

4. The trial judge did not err in overruling the defendant's motion for new trial.          *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 15, 1924.

Action for breach of contract; from city court of Houston county —Judge Riley. November 19, 1923.

*Jones, Park & Johnston,* for plaintiff in error.

*Duncan & Nunn,* contra.