20566.   DAVENPORT *v.* SOUTHERN RAILWAY COMPANY.

DECIDED OCTOBER 7, 1930.

*Mann & Mann, Mitchell & Mitchell,* for plaintiff.

*Maddox, Sapp & Maddox,* for defendant.

BLOODWORTH, J. The bill of exceptions in this case is in part as follows: "Be it remembered in the case of Homer Davenport against Southern Railway Company, returnable to the January term, 1930, of the superior court of Whitfield county, being an action for damage, the Honorable C. C. Pittman, judge of said court then and there presiding on the 15th day of March, 1930, and during the January term, 1930, of said court, passed an order sustaining a special plea setting up an estoppel and a plea of res adjudicata by the defendant to the plaintiff's petition, and dismissed plaintiff's petition without the introduction of any evidence and without the aid of a jury and at the appearance term of the case, said order of the presiding judge being as follows: 'Upon consideration the within plea is sustained and case No. 33, to January term, 1930, in favor of Homer Davenport *vs.* Southern Railway Company, is dismissed and judgment against Homer Davenport is ordered for cost. Done in open court. March 15th, 1930. C. C. Pittman, J. S. C. C. C.' To this ruling the plaintiff in error excepted, now excepts, and assigns the same as error upon the ground that it was contrary to law and that the said judge was without authority to pass upon said special plea without the aid of a jury, and further upon the ground that he could not pass upon said special plea at the appearance term thereof, the same not being ready for trial until the April term, 1930, which convenes on the 7th day thereof; and for all of these reasons plaintiff in error then and there excepted and now excepts, and assigns the same as error upon the ground that it was contrary to law, and says that the said judge then and there should have refused to pass upon said plea and set the same down for a hearing at the regular term, to wit, April term, 1930, of this court and submitted the same to a jury with proper instructions."

We think the judge erred in dismissing the case. The 3d headnote in *Glaze* v. *Bogle,* 105 *Ga.* 295 (31 S. E. 169), is as follows: "Where a plea of res adjudicata sets up a judgment in a former suit between the same parties and in the same court and a copy of the former record is annexed, the question can not be determined upon

the pleadings but there must be proof of the truth of the plea or an admission of its truth by the plaintiff." In the body of the decision, p. 298, Chief Justice Simmons said: "The court, when the plea of res adjudicata was read, without any evidence having been introduced, directed the jury to sustain the plea by finding a verdict for the defendants. We think this was error. This plea should have been proved just as any other. While it was true that the judgment pleaded was alleged to have been rendered by the same court, upon the same cause of action, and that this judgment was on the records of the court, still we think that the burden was on the defendant to show the truth of the plea, and that the court could not, without proof, take such judicial cognizance of its records as to direct a verdict in this case. When such a plea is filed, the defendant assumes the burden and must show its truth to the court and jury. . . 'In the trial of one case the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court; much less can this court take notice of the existence of a record not introduced in evidence in the court below. There was no trial in this case, but the question was determined upon an inspection of the pleadings.'" See *O'Connor* v. *United States of America*, 11 *Ga. App.* 251 (75 S. E. 110).

In support of the contention that the court erred in dismissing the case, we find in *Stevens* v. *Stembridge*, 104 *Ga.*, pages 621, 622 (31 S. E. 413), the following: "In the case of *Robinson* v. *Wilkins*, 74 *Ga.* 47, this court ruled: 'The issue made by a plea of former recovery should be submitted to the jury, under proper instructions from the court as to the effect of the adjudication pleaded in bar.' In that case it appeared that a former adjudication was pleaded, and the trial judge overruled a motion to strike the plea, but sustained a motion to dismiss the plaintiff's action on the ground of the former adjudication. This court, in rendering the opinion, held that the motion to strike the plea was properly overruled, but disapproved (though for other causes stated in the opinion it did not reverse) the judgment of the court dismissing the plaintiff's action, the court saying: 'According to our practice, however, the issue made by the plea should have been submitted to the jury, to be passed upon by them under the evidence adduced, and the court should not have ordered the case dismissed, even when

it was apparent that the plea was fully sustained by the production of the record upon which it was founded, but the jury should have been directed to find for the defendant upon that plea.' That decision is controlling upon the proposition that where a proper plea of res adjudicata is filed, the court is not authorized to settle the issue raised without the intervention of a jury, though in a proper case it might direct a verdict." See, in this connection, *Cohn v. Farkas,* 17 *Ga. App.* 572 (2) (87 S. E. 842).

Under the principle announced in the foregoing cases the judgment is          *Reversed. Broyles, C. J., and Luke, J., concur.*