37406.   BANKERS FIDELITY LIFE INSURANCE
COMPANY *v.* WRIGHT.

DECIDED OCTOBER 29, 1958—REHEARING DENIED
NOVEMBER 12, 1958.

*Smith, Field, Doremus & Ringel, Alex W. Smith, Jr.,* for plaintiff in error.

*A. Mims Wilkinson, Jr.,* contra.

QUILLIAN, Judge. 1. Counsel for the defendant insists that the trial judge erred in denying his motion for a judgment notwithstanding the verdict. He contends that the plaintiff violated the provision of his employment contract which provides: "Second party shall not deliver any policy unless the applicant is in good health and in insurable condition at the time of delivery."

The plaintiff testified that: Prior to the delivery of Mrs. Irvine's insurance policy Sigman informed him that she was in Emory Hospital and told him to notify the company of this fact; Sigman did not tell him why Mrs. Irvine was in the hospital; he put in a call to the insurance company's underwriting department or Mr. Smith, its president, and neither were in at the time he called; on the date he delivered the policy to Mrs. Irvine he told her he understood she had been in Emory Hospital, and he was glad to see her back and he hoped she was feeling better; she said she had gone to Emory for a checkup; he made inquiries of other employees of Mr. Sigman and none knew anything about Mrs. Irvine going to Emory Hospital except for a checkup.

This evidence was sufficient to present a jury question as to whether the plaintiff had exercised ordinary care in determining whether Mrs. Irvine was in good health at the time of delivery of the policy. The trial judge did not err in overruling the motion for a judgment notwithstanding the verdict and the general grounds of the motion for a new trial.

2. Special ground 1 of the motion for a new trial assigns error because the trial judge allowed the plaintiff to answer the following question: "Q. Mr. Wright, did you do everything that you were required to do by this contract? A. Yes, I have." Assuming but not deciding that the above answer was a conclusion, the plaintiff made it clear to the jury by other positive testimony, reciting facts, what was meant by the statement that he had complied with the contract, and the jury was not misled by the statement. *Standard Growers Exchange* v. *Harris & Son*, 33 *Ga. App.* 195 (3) (125 S. E. 782). Special ground 1 is without merit.

3. Special ground 2 excepts to the following charge: "You are further charged, gentlemen, that a party to a contract may waive any provision in a contract made for his benefit by express statements or by acts or conduct, in which case the law would imply a waiver, and when waived such provision would have no effect that would not bind the other party."

While the ground complains that the issue of waiver was neither raised by the pleadings nor the evidence and was therefore error, asuming but not deciding that the charge was error, it fails to point out in what way this charge was harmful. The ground gives no reason why such a charge would be more prejudicial to the defendant than to the plaintiff. From reading the ground it cannot be determined what contract the charge refers to nor the parties to the contract. A ground of a motion for a new trial must be complete within itself, and "In order for an assignment of error to be sufficient for consideration, the plaintiff in error must show not only error but also injury." *Ludwig* v. *J. J. Newberry Co.* 78 *Ga. App.* 871, 877 (52 S. E. 2d 485). See also, *Dees* v. *State*, 41 *Ga. App.* 321 (6) (152 S. E. 913); *Morris* v. *State*, 185 *Ga.* 67 (2) (194 S. E. 214). Special ground 2 is without merit.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*